[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12877

_____

ARNO RESOURCES, LLC,

Plaintiff-Appellant,

*versus*

EPIC TECH, LLC,
FRONTIER SOFTWARE SYSTEMS, LLC,
RED ROCK INVESTMENTS, LLC,
CRIMSON SKY, LLC,
CRIMSON SKY II, LLC, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-02540-ELR

_____

Before JORDAN, ROSENBAUM, and HULL, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Arno Resources, LLC appeals the district court's order dismissing its complaint against: (1) six corporate entities—Epic Tech, LLC, Frontier Software Systems, LLC, Red Rock Investments, LLC, Crimson Sky, LLC, Crimson Sky II, LLC, and Winter Sky, LLC; and (2) six individuals—Bob Mosley, Sr., Bob Mosley, Jr., Starita Mosley, J. Michael Caldwell, Tim Caldwell, and Erik Nordin. Arno's complaint raised several claims stemming from a "Development Agreement" between Custom Game Design, Inc.—Arno's predecessor-in-interest—and Gateway Gaming, LLC—a now-dissolved, non-defendant corporation owned and operated by Mosley, Sr. and J. Michael Caldwell.

Under the Development Agreement, Gateway paid Custom $855,400 to create gaming applications, and Custom granted Gateway a perpetual worldwide license to use Custom's proprietary gaming terminals and "back-end" software required to run the gaming applications (collectively the "Software"). Arno's claims centered on its allegations that the Software licensed to Gateway under the Development Agreement was non-transferrable to a third party and that defendants-appellees

improperly transferred or assigned that Software license to some of the corporate defendants.

The corporate and individual defendants filed motions to dismiss on multiple grounds. In ruling on the motions, the district court: (1) dismissed without prejudice for lack of personal jurisdiction Arno's claims against Mosley, Sr., Mosley, Jr., Starita Mosley, and J. Michael Caldwell; and (2) dismissed with prejudice for failure to state a claim for relief Arno's claims against the corporate defendants and the remaining individual defendants. Regarding this latter ruling, the district court concluded that the Development Agreement did not prohibit the transfer of the Software license Gateway paid for and received.

After careful consideration of the parties' briefs and the entire record, and with the benefit of oral argument, we find no reversible error and affirm the district court's dismissal of Arno's complaint: (1) without prejudice as to defendants Mosley Sr., Mosley, Jr., Starita Mosley, and J. Michael Caldwell; and (2) with prejudice as to defendants Tim Caldwell, Erik Nordin, Epic Tech, LLC, Frontier Software Systems, LLC, Red Rock Investments, LLC, Crimson Sky, LLC, Crimson Sky II, LLC, and Winter Sky, LLC.

**AFFIRMED.**